UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:  
JORGE ALBERTO CORNEJO MARTINEZ  
aka JORGE A CORNEJO MARTINEZ  
aka JORGE CORNEJO MARTINEZ  
aka JORGE CORNEJO  
aka JORGE ALBERTO CORNEJO  
aka JORGE A CORNEJO  

CASE NO.: 14-BK-24042-AJC  
CHAPTER: 13  

    DEBTORS.  
_____/

### RESPONSE TO DEBTORS' OBJECTION TO CLAIM OF BANK OF AMERICA, N.A. [# 3-1]

Creditor, **BANK OF AMERICA, N.A.,** ("BANA"), by and through the undersigned counsel, hereby files this *Response to Objection to Claim of Bank of America, N.A. [# 3-1]* (the "Response"); and in support, respectfully alleges the following:

1. BANA is first mortgagee for a loan on property owned by Debtors, located at 3143 Sw 11th St, Miami, FL 33135.

2. BANA affirms a timely Proof of Claim [Claim 3-1] was filed on October 22, 2014 in the amount of $302,040.14 in secured mortgage debt, and $114,530.77 as secured mortgage arrears.

3. On December 1, 2014; Debtor(s) filed their Objection to Claim of Bank of America, N.A. [# 3-1] [DE 46] (the "Objection") and in such *Objection*, Debtor(s) stated that they have been "approved for a loan modification and has accepted same". Debtor further requests that Proof of Claim [Claim 3-1] be stricken and disallowed.

4. The Claim should stand as is since the debt is against the Debtor and had arisen before the date of the filing of the petition as per §501(d) of the Bankruptcy Code and it reflects the status of the loan at the time of filing.

5. Furthermore, Objections to proofs of claim are governed by §502(a) of the Bankruptcy Code, which provides "[a] claim or interest, proof of which is filed under §501 of this title, is deemed allowed, unless a party in interest . . . objects." *11 U.S.C. §502(a)*. "The burden of proof is on an objecting party to produce evidence 'equivalent in probative value to

that of the creditor to rebut the prima facie effect on the proof of claim." *In re Winn-Dixie Stores, Inc.,* 418 B.R. 475 (Bankr. M.D. Fla. 2009).

6. Because Claim 3-1 is *prima facie* evidence of the Debt as of the date of the Bankruptcy Petition, and the Debtor presents no evidence to rebut the *prima facie* effect of Claim 10-2, the original loan terms remain in effect.

7. Furthermore, under information and belief, the Debtor(s) have not been issued a permanent loan modification as claimed in the Debtor(s) *Objection*.

8. A Home Affordable Modification Program Trial Loan Modification was offered to the Debtor(s) on or around June 27, 2014 with trial payments in the amount of $1,249.87 beginning August 1, 2014 through and including December 1, 2014. As the date of filing this *Response* a permanent modification has not been offered to the Debtor(s).

10. BANA reserves the right to supplement and/or amend this *Response* in the future.

WHEREFORE, **Bank of America, NA,** respectfully requests that this Court enter an Order denying Debtors' Objection to Claim of Bank of America, N.A. [# 3-1], and awarding any and all other relief that this Court deems just and appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided via electronic and/or regular U.S. Mail to the parties on the attached service list, this 5 day of December, 2014.

**SERVICE LIST**

Jorge Alberto Cornejo Martinez
3143 S.W. 11st Street
Miami, FL 33135

Henry Hernandez
P.O. Box 34-7650
Coral Gables, FL 33234

Nancy K. Neidich
POB 279806
Miramar, FL 33027

Jeffrey S. Fraser, Esq.
**Albertelli Law**
Attorney for Secured Creditor
PO Box 23028
Tampa, FL 33623
Telephone: (813) 221-4743 ext. 2499
Facsimile: (813) 221-9171
bkfl@albertellilaw.com

By: /s/ Jeffery Fraser
Jeffery Fraser
Florida Bar No.: 0085894